[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15882
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 30, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00117-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SERGIO ZAVALA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(August 30, 2010)

Before EDMONDSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Sergio Zavala appeals his 77-month sentence following his conviction for

re-entry of a removed alien, 18 U.S.C. § 1326. On appeal, Zavala argues that his sentence at the low end of the Sentencing Guideline range is substantively unreasonable because the district court only looked at the guideline range. Zavala does not challenge the procedural reasonableness of his sentence. Additionally, Zavala acknowledges that our decision in *United States v. Vega-Castillo*, 540 F.3d 1235 (11th Cir. 2008) (holding that a district court without a fast-track program may not issue a sentencing departure or variance based on the availability of fast-track programs in other districts), *cert. denied*, 129 S.Ct. 2825 (2009), is controlling, but wishes to preserve the issue should we decide differently in the future.[1]

We review "all sentences–whether inside, just outside, or significantly outside the Guidelines range–under a deferential abuse-of-discretion standard." *United States v. Livesay*, 525 F.3d 1081, 1090 (11th Cir. 2008) (quotation omitted). "[T]he district court must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Id.* (quotation omitted). "The length and amount of detail of the judge's reasoning

---

[1] We note that Zavala did not make this argument in the district court. Therefore, even if we were not bound by *Vega-Castillo*, we would review Zavala's argument only for plain error. We also note that Zavala concedes in his brief on appeal that it is "unclear on this record whether the district court would or would not have varied from the guidelines based on the fast-track disparity." Zavala brief at 17.

required depends on the circumstances." *Id.* The "sentencing judge is not required to state on the record that it has explicitly considered each of the [18 U.S.C.] § 3553(a) factors," but "should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Id.* (quotation omitted). A district court's explicit acknowledgment that it has considered a defendant's arguments and the § 3553(a) factors is sufficient to demonstrate that it has adequately and properly considered those factors. *United States v. Ellisor*, 522 F.3d 1255, 1278 (11th Cir. 2008).

Pursuant to *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), we must review the sentencing process for both procedural error and substantive reasonableness. *Livesay*, 525 F.3d at 1091. Procedural errors occur when the district court fails to calculate or improperly calculates the guidelines range, treats the guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails to explain adequately the chosen sentence–including an explanation for any deviation from the guidelines range. *Id.* We examine substantive reasonableness "under an abuse of discretion standard, taking into account the totality of the circumstances" and "must give due deference to the district court's decision that the § 3553(a) factors,

3

on a whole, justify the extent of the variance." *Id.* (quotations omitted).  We

ordinarily "expect a sentence within the Guidelines range to be reasonable."

*United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

Pursuant to § 3553(a), the sentencing court shall impose a sentence

"sufficient, but not greater than necessary, to comply with the purposes set forth in

paragraph (2) of this subsection," namely, to reflect the seriousness of the offense,

promote respect for the law, provide just punishment for the offense, deter criminal

conduct, protect the public from future crimes of the defendant, and provide the

defendant with needed educational or vocational training or medical care.  *See* 18

U.S.C. § 3553(a)(2).  The sentencing court must also consider the following factors

in determining a particular sentence: the nature and circumstances of the offense

and the history and characteristics of the defendant, the kinds of sentences

available, the applicable guideline range, the pertinent policy statements of the

Sentencing Commission, the need to avoid unwanted sentencing disparities, and

the need to provide restitution to victims.  *See* 18 U.S.C. § 3553(a)(1), (3)-(7).

In this case, Zavala's sentence is substantively reasonable because the

district court considered Zavala's personal characteristics and substantial criminal

history, including assault with a deadly weapon, and found that a sentence at the

low end of the guideline range satisfied the purposes of sentencing.  Therefore, the

4

district court did not abuse its discretion by sentencing Zavala to 77-months' imprisonment.  In addition, Zavala correctly notes that *Vega-Castillo* remains binding precedent.  Accordingly, we affirm Zavala's sentence.

**AFFIRMED.**